# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 03-1074

_____

United States of America,                    *
                                             *
    Plaintiff - Appellee,            *
                                             *
v.                                           *
                                             *
Alexander 'Alex' White Plume; Percy          *
White Plume, their agents, servants,         *
assigns, attorneys, and all others acting    *
in concert with the named defendants;        *    Appeal from the United States
                                             *    District Court for the
    Defendants,                      *    District of South Dakota.
                                             *
Tierra Madre, LLC, a Delaware limited        *
liability company; Madison Hemp and          *    [UNPUBLISHED]
Flax Company 1806, Inc., a Kentucky          *
corporation;                                 *
                                             *
    Intervenor Defendant,            *
                                             *
Thomas J. Ballanco,                          *
                                             *
    Movant Below - Appellant.        *

_____

Submitted:  February 13, 2004

Filed:  February 27, 2004

_____

Before BYE, HEANEY, and SMITH, Circuit Judges.

_____

PER CURIAM

In this interlocutory appeal, Thomas J. Ballanco appeals the district court's[1] denial of his motion to intervene in this declaratory judgment action filed by the United States. We affirm.

Since 1998, Ballanco, an attorney, has been providing legal advice to various corporations and members of the Oglala Sioux Tribe regarding hemp production. Ballanco alleges he has spent considerable time and effort developing and implementing a legal and regulatory structure on the reservation for hemp production, and claims a right to participate in harvesting, producing, brokering and promoting hemp.

In 1998, the Oglala Sioux Tribal Council passed an ordinance purporting to legalize hemp production on the reservation. In 2000, 2001 and 2002, Alexander White Plume cultivated and manufactured hemp on federal trust land. In August 2002, the government brought this action seeking declaratory judgment and an injunction to prevent the defendants from producing hemp on the Pine Ridge Indian Reservation. Ballanco moved to intervene as a matter of right in the litigation. The district court denied Ballanco's motion finding he did not have Article III standing and Ballanco's alleged interests were adequately protected by the parties to the litigation.

---

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

We review the denial of mandatory intervention de novo.  <u>United States v.</u> <u>Union Elec. Co.</u>, 64 F.3d 1152, 1158 (8th Cir. 1995).  We conclude the district court properly denied Ballanco's motion to intervene and affirm under 8th Cir. R. 47B.

_____